UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRAUB RODITE, LLC,

     Plaintiff,

v.                                                          Case No.:  2:23-cv-537-SPC-NPM

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

     Defendant.

_____/

## ORDER

     Before the Court is Plaintiff Traub Rodite, LLC's Motion to Remand (Doc. 8), along with Defendant Westchester Surplus Lines Insurance Company's opposition (Doc. 21).  Also here are the parties' responses (Docs. 21; 22) to the Court's Order to Show Cause (Docs. 19; 20).

     Plaintiff first sued its insurer, Defendant, in state court for breach of contract.  Defendant then removed the case here based on diversity jurisdiction.  Plaintiff now moves to remand because Defendant has not satisfied the amount in controversy requirement for diversity jurisdiction. (Doc. 8).

     After reviewing Plaintiff's motion, the Court asked the parties if removal was timely because Defendant removed this case thirty-one days after service. (Doc. 19).  Defendant then clarified its designated agent received process on

June 20, and not the day before as it mistakenly said in the Notice of Removal. (Doc. 21 at 2; Doc. 21-2 at 147-48).  Using the June 20 date, Defendant timely removed.  *S Whitney v. USAA Gen. Indem. Co.*, No. 1:21-CV-23744-JLK, 2022 WL 58320, at *2 (S.D. Fla. Jan. 6, 2022) (finding that the defendant had thirty days from when it—and not Florida's CFO—received the complaint to remove); *see also Meadows Springlake Condo. Ass'n, Inc., v. Allstate Ins. Co.*, No. 8:06-cv-1282, 2006 WL 2864313 (M.D. Fla. 2006) ("When service is effected on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the complaint.").  The Court thus discharges its Order to Show Cause on timeliness.[1]  Remand is next.

A defendant may remove a case from state court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  "A removing defendant bears the burden of proving proper federal jurisdiction."  *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Removal statutes are strictly construed, with

---

[1] Plaintiff's response to the Court's Order confused this case (2:23-cv-537) with the companion case (2:23-cv-521) also pending before this Court.  So Plaintiff's response offered nothing on the timeliness issue.

doubts resolved for remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

Federal courts have original jurisdiction over cases with complete diversity and an amount in controversy over $75,000. 28 U.S.C. § 1332(a). The latter is at issue. Plaintiff argues that the amount in controversy falls below the $75,000 threshold. Defendant disagrees. It says this case should be consolidated with the related pending case[2] because both involve the same parties, insurance policy, and insurance claim. Once consolidated, Defendant argues the amount in controversy far exceeds the minimum requirement.

But Defendant puts the cart before the horse. The Court tests subject matter jurisdiction at the time of removal. *See* 28 U.S.C. § 1447(c); *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal."). So it cannot consolidate the related cases and then assess if the amount in controversy is satisfied. Nor could the Court consolidate cases over which it has no subject matter jurisdiction.

But even without consolidation, Defendant maintains the amount of controversy is satisfied. It starts with the "Property Insurance Notice of Intent to Initial Litigation" that Florida law required Plaintiff to file before coming to

---

[2] The related action is styled as *Traub Rodite, LLC v. Westchester Surplus Lines Ins. Co.*, No. 2:23-cv-521-SPC-KCD (M.D. Fla.).

court.  (Doc. 1-7); Fla. Stat. § 627.70152(3)(a) ("As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department.").  The Notice lists Plaintiff's presuit settlement demand to be $74,505.00.  From there, Defendant maintains that Plaintiff has incurred more than $500 in attorney's fees, which surpass the amount in controversy threshold.  (Doc. 1 at 3).

Defendant's logic has two flaws. First, the Notice is not enough under the current record to prove the amount in controversy.   Generally, "[s]ettlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction." *E.g.*, *Lamb v. State Farm Fire Mut. Auto. Ins.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010).  Instead, courts analyze "whether demand letters merely reflect puffing and posturing, or whether they provide specific information to support the plaintiff's claim for damages and thus offer a reasonable assessment of the value of the claim." *Gluth v. Am. Airlines, Inc.*, No. 2:19-cv-918-FTM-38MRM, 2020 WL 897986, at *2 (M.D. Fla. Feb. 25, 2020) (cleaned up).  Although Defendant has provided the Notice, it included no supporting documents like estimates or invoices.  (Doc. 1-7 at 5).  Nor does it even explain the damages that Plaintiff allegedly claims.  More information is needed.

Second, Defendant argues attorney's fees will push the amount in controversy beyond $75,000.  Not so.  Even if the Court accepts Defendant's claim about fees, there is another problem—the deductible.  According to Defendant, "The Policy also provides $700,000.00 coverage limits with a 5% wind/hail deductible[,] resulting in [a] deductible of $35,000.00" for the property at issue.  (Doc. 15 at 3).  A deductible does not count towards the jurisdictional amount because it is not "in controversy."  *Murphy v. First Liberty Ins. Co.*, No. 2:19-cv-737-FtM-60MRM (M.D. Fla. Mar. 2, 2020) ("The amount in controversy in this case is calculated by subtracting the deductible from the total purported damages."); *Alexion v. Fed. Ins. Co.*, 6:18-cv-2112-Orl-22GJK, 2019 WL 5294937, at *5 (M.D. Fla. Mar. 7, 2019) (gathering cases in which courts calculated the amount in controversy by subtracting a deductible from a repair estimate).  So the gap the pre-removal attorney's fees needs to make up is not about $500.  It is much more.  *See Stefchack v. Geovera Specialty Ins. Co.*, No. 6:20-CV-1092-ORL-22GJK, 2020 WL 6478527, at *3 (M.D. Fla. Aug. 26, 2020) ("When determining whether the amount in controversy requirement is satisfied, this Court declines to speculate as to potential attorney's fees through resolution of the case at trial but considers only those attorney's fees incurred as of the time of removal.").  Defendant, however, falls far short of showing by a preponderance of the evidence that Plaintiff' has incurred enough fees pre-removal to overcome the deficit.

In conclusion, the Court lacks subject matter jurisdiction because the amount in controversy requirement is not satisfied.  The Court thus grants Plaintiff's motion to remand.

Accordingly, it is

**ORDERED:**

1. Plaintiff Traub Rodite, LLC's Motion to Remand (Doc. 8) is **GRANTED**.

2. Defendant Westchester Surplus Lines Insurance Company's Motion to Consolidate (Doc. 14) is **DENIED as moot**.

3. The Clerk is **DIRECTED** to **REMAND** this case to the Circuit Court for the Twentieth Judicial Circuit in and for Charlotte County, Florida.  The Clerk must send a certified copy of this Order to the Clerk of that Court.

4. The Clerk is **DIRECTED** to terminate any deadlines or pending motions and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 18, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record